JL

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Qianlong He,

Petitioner,

v.

Fred Figueroa, et al.,

Respondents.

No.    CV-26-01574-PHX-DWL (MTM)

**ORDER**

Petitioner filed this pro se action under 28 U.S.C. § 2241 challenging his immigration detention.  Petitioner has also filed an Emergency Motion for Temporary Restraining Order and Motion for Preliminary Injunction. (Doc. 2.)  The Court will dismiss the Petition without prejudice and deny the Emergency Motion as moot.

As alleged, Petitioner is native and citizen of China who entered the United States in August 2018 on a tourist visa and subsequently overstayed his visa.  (Doc. 1 ¶¶ 3, 26-27.)  In December 2025, Immigration and Customs Enforcement ("ICE") officials arrested Petitioner.  (*Id.* ¶ 6, 30.)  Petitioner asserts that he is subject to mandatory detention under 8 U.S.C. § 1226(c) and thus "[t]here is no statutory or regulatory pathway for Petitioner to seek a bond hearing."  (*Id.* ¶ 31.)  Petitioner nevertheless argues that his "prolonged detention" is unconstitutional and that he is therefore entitled, under the Due Process Clause of the Fifth Amendment, to a bond hearing.  (*Id.* ¶¶ 55-58.)  The Petition contains an assertion that "Petitioner has been detained for almost ten months" (*id.* ¶ 8), but this

calculation is obviously wrong—based on the alleged December 2025 arrest date, Petitioner has been in custody for approximately three months.

Petitioner does not have a final order of removal and has been detained for less than three months. His detention is therefore not unreasonably prolonged. Accordingly, the Court will dismiss the Petition and this case.[1]

**IT IS ORDERED:**

(1)    The Petition (Doc. 1) and this case are **dismissed without prejudice**. The Clerk of Court must enter judgment accordingly and close this case.

(2)    Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **denied as moot**.

Dated this 10th day of March, 2026.

_____
Dominic W. Lanza
United States District Judge

---

[1]    In his TRO Motion, Petitioner asserts that he is a member of the *Bautista* class and seems to contend that he is entitled to a bond hearing under 8 U.S.C. § 1226(a). (Doc. 2.) However, these are not the claims asserted in the Petition. Portions of the TRO motion also appear to be cut-and-pasted from other litigants' court filings, as the TRO motion asserts that Petitioner "entered in the U.S. in 2005" and "entered the United States without inspection over 20 years ago." (*Id.* at 4-5.) But as noted, Petitioner alleges in the Petition that he entered the United States on a tourist visa in 2018.

- 2 -